IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-MJ-7272-SPM |
| ) | |
| MICHAEL UPCHURCH, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR PRE-TRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Nicholas H. Lake, Assistant United States Attorney for said District, and moves the Court to order the defendant Michael Upchurch ("Upchurch") detained further proceedings.

As for its grounds for detention, the United States of America requests the Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

1. Upchurch is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The FBI, assisted by members of the St. Louis Metropolitan Police Department, are investigating an armed robbery of the Taco Bell restaurant (located at 626 Kingshighway Blvd.) that occurred on September 24, 2025. During the course of the investigation, Upchurch and two other individuals were identified as the subjects responsible for the robbery. On November 5, 2025, investigators executed a federal search warrant at Upchurch's residence, located at 1403 Park Avenue, St. Louis, Missouri 63104. During the search of the residence, investigators recovered a silver and black Lorcin, Model L380, .380 auto caliber pistol on top of the cabinets in the kitchen. Upchurch was arrested and interviewed. After being advised of his

*Miranda* rights, Upchurch admitted he knew there was a firearm above the kitchen cabinets but denied it was his. He also stated he knew he could not possess a firearm due to his prior felony convictions.

2. Based on the statutory factors in 18 U.S.C. § 3142(g), detention is appropriate in this case. Pursuant to Section 3142(g)(1), the nature and circumstances of this case are that Upchurch has been charged with a dangerous offense, to wit: an offense involving a firearm. In fact, investigators recovered the firearm while investigating Upchurch for his suspected participation in an armed robbery of a business. Pursuant to Section 3142(g)(2), the weight of the evidence against Upchurch, as summarized above, is strong. The firearm was recovered from Upchurch's residence during the execution of a lawfully obtained search warrant. Further, Upchurch admitted to having knowledge of the firearm in his residence despite his status as a convicted felon. Pursuant to Section 3142(g)(3)(A), it appears that Upchurch has prior convictions for the following offenses:

- Possession of a Controlled Substance (22031-04270-01);
- Robbery 1st Degree, Armed Criminal Action and Kidnapping (22041-01895-01);
- Robbery 1st Degree, Armed Criminal Action and Unlawful Possession of a Firearm (16SL-CR06830-01);
- Unlawful Use of a Weapon – Subsection 4 (1822-CR00211-01);
- Felon in Possession of a Firearm (2 counts) (4:18CR00604 HEA).

Further review of Upchurch's record reveals an extensive history comprised of multiple arrests in addition to the above convictions. Based on his record, it appears Upchurch may be an armed career criminal. Given the facts of this case and the strength of the evidence, coupled with

Upchurch's criminal history, the defendant's pretrial detention is necessary to ensure the safety of the community and the defendant's appearance at future proceedings.

    WHEREFORE, the United States requests this Court to order the defendant detained for future proceedings.

    Respectfully submitted,

    THOMAS C. ALBUS
    United States Attorney

    */s/ Nicholas H. Lake*
    NICHOLAS H. LAKE #71049MO
    Assistant United States Attorney
    Thomas F. Eagleton Courthouse
    111 South Tenth Street, 20th Floor
    St. Louis, Missouri 63102
    (314) 539-2200